IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS LEBRON LEON,<br><br>                Plaintiff,<br>v.<br><br>ZYDUS PHARMACEUTICALS INC.,<br><br>                Defendant. | DOCKET NO.: 1:22CV07636<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, ZYDUS PHARMACEUTICALS (USA) INC., incorrectly named as ZYDUS PHARMCAUTICALS INC., ("Zydus"), hereby removes this action captioned *Thomas Lebron Leon v. Zydus Pharmaceuticals Inc.,* Index No. 156979/2022 ("State Court action"), with reservation of all defenses, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As grounds for this removal, Zydus shows the Court as follows:

1. Plaintiff, Thomas Lebron Leon, filed this lawsuit on or about August 16, 2022, in the Supreme Court of the State of New York, County of New York, being designated Index No. 156979/2022.

2. Plaintiff alleges that defendant Zydus distributed an unreasonably dangerous and unsafe drug product which caused "serious and severe personal injuries when he suffered a stroke and was hospitalized". *See* Plaintiff's Verified Complaint, attached as **Exhibit A,** at ¶ 27. Specifically, plaintiff alleges causes of action for

both negligence and strict liability design defect, manufacturing defect and failure to warn claiming that the product was unreasonably dangerous. *Id*. at ¶¶ 12-37.

3. This Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to 28 U.S.C. § 1332(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the Southern District of New York, is the federal judicial district and division embracing the Supreme Court of the State of New York, County of New York, where the State Court action was originally filed.

5. Zydus was served with the Summons and Verified Complaint on September 6, 2022. Plaintiff has not yet filed an affidavit of service.

6. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b), because it is filed within thirty days of when service of process was made on the defendant, upon knowledge, information and belief.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Zydus in the State Court action are attached to this Notice as **Exhibit A**.

8. Pursuant to 28 U.S.C. § 1446(d), Zydus has filed this Notice with this Court, is serving a copy of this Notice upon counsel for all appearing parties and is filing a copy in the State Court Action.

9. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action satisfies all requirements for federal jurisdiction under 28 U.S.C. § 1332(a).

10. This action is between citizens of different States.

11. Plaintiff is a citizen of New York, New York. *See,* **Exhibit A,** at ¶ 1.

12. Defendant Zydus is a corporation organized under the laws of the State of New Jersey, with its principal place of business located at 73 Route 31 North, Pennington, New Jersey 08534. *See* Zydus' Annual Report Certificate attached as **Exhibit B**.

13. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ."

14. As a result, there is complete diversity of citizenship between plaintiff and defendant.

15. Additionally, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16. A party seeking removal must establish that there is a "reasonable probability" that the claim exceeds the sum or value of $75,000.00. *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir.2006). Making such a determination requires "looking to the complaint as it existed at the time the petition for removal was filed." *Hill v. Delta Int'l Machinery Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y.2005).

17. Here, it can be reasonably inferred from the face of the complaint that plaintiff's allegations meet the jurisdictional amount. Specifically, it is alleged that the defendant's drug caused "serious and severe personal injuries when [plaintiff] suffered a stroke and was hospitalized," after ingesting the drug. *See* **Exhibit A**, at

¶ 27.   Based upon these alleged damages and representations, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

18. Because 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

19. In filing this Notice of Removal, Zydus reserves the right to a jury trial and any and all defenses, objections, and exceptions, and nothing in this Notice of Removal shall be interpreted or construed as a waiver or relinquishment of its right to assert any defenses including, without limitation, (i) lack of personal jurisdiction, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process or service of process, (iv) improper joinder or misjoinder of claims and/or parties, (v) failure to state a claim, (vi) statute of limitations, and (vii) any other procedural or substantive defense available under state or federal law. Zydus further reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, for the reasons set forth above, Zydus prays that this Notice of Removal be filed; that said State Court Action in the Supreme Court of the State of New York, County of New York, be removed to and proceed in this Court; that no further proceedings be had in said case in the Supreme Court of the State of New York, County of New York; and that this Court assume full jurisdiction over this action as provided by law.

101455323

| | |
|---|---|
| Dated: New York, New York<br>September 8, 2022 | **MORRISON MAHONEY LLP**<br>*Attorneys for Defendant*<br>*Zydus Pharmaceuticals (USA) Inc.,*<br>*incorrectly named as, Zydus Pharmaceuticals*<br>*Inc.*<br><br>By: _/s/ Nicole Battisti_____<br>Arthur J. Liederman, Esq.<br>aliederman@morrisonmahoney.com<br>Nicole M. Battisti, Esq.<br>nbattisti@morrisonmahoney.com<br>Wall Street Plaza<br>88 Pine Street, Suite 1900<br>New York, New York 10005<br>Phone:  (212) 825-1212<br>Fax:     (646) 576-8910 |

5

101455323

## AFFIDAVIT OF SERVICE
## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL** and has been served this 8TH day of September, 2022, on the following counsel, by **FEDERAL EXPRESS.**

>STEPHEN B. KAUFMAN, P.C.
>John V. Decolator, Esq.
>3397 E. Tremont Avenue
>Bronx, New York 10461
>(718) 822-0500

_____
ROSELYNE PIERRE

101455323