# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
THOMAS LEBRON LEON,

                        Plaintiff/Petitioner,

      - against -                                 Index No.156979/2022
ZYDUS PHARMACEUTICALS INC.,

                        Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Commencement Case)
(Uniform Rule § 202.5-bb(a)(2)(v) and (vi))

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, was required to file this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits** of participating in e-filing include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

                                Page 1 of 2                              EFM-1A

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing Commencement Documents is Mandatory)

Attorneys representing a party must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 17, 2022

| | |
|---|---|
| Stephen B. Kaufman, Esq.<br>Name | 3397 E. Tremont Avenue<br>Address |
| Stephen B. Kaufman, PC<br>Firm Name | Bronx, New York 10461 |
| | 718-822-0500<br>Phone |
| | wcardona@sbk.nyc<br>E-Mail |

To: ZYDUS PHARMACEUTICALS

Index # 156979/2022   Page 2 of 2

6/6/18
EFM-1A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
THOMAS LEBRON LEON,

                              Plaintiff,

                -against-

ZYDUS PHARMACEUTICALS INC,

                             Defendant.
-----------------------------------------------------------X

Index No.: 156979/2022

**SUMMONS**

Plaintiff designates NEW YORK County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
2087 Amsterdam Avenue
New York, New York 10032
County of New York

**To the above-named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
          August 16, 2022

Yours, etc.

STEPHEN B. KAUFMAN, P.C.

By: _____
John V. Decolator
Attorneys for Plaintiff
3397 E. Tremont Avenue
Bronx, New York 10461
718-822-0500

TO:   ZYDUS PHARMACEUTICALS INC.
      73 Route 31 N
      Pennington, NJ 08534

via Secretary of State
Albany, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
THOMAS LEBRON LEON,

                                 *Plaintiff*,

            -against-

ZYDUS PHARMACEUTICALS INC.,

                               *Defendant*.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 156979/00

Plaintiff, by his attorneys, Law Office of Stephen B. Kaufman, P.C., as and for his complaint, respectfully alleges, upon information and belief, as follows:

1: At all times hereinafter mentioned, plaintiff was and still is a resident of the County of New York, State of New York.

2: That at all times hereinafter mentioned, the defendant is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located in the County of New York and State of New York.

3: Upon information and belief, at all times hereinafter mentioned, the defendant was and still is a foreign corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America and was and still is duly authorized to do business in the State of New York.

4: That at all times hereinafter mentioned, the defendant is a business entity, in fact doing business in the State of New York with a place of business located in the County of New York, and State of New York.

5: Upon information and belief, at all times hereinafter mentioned, the defendant

1

regularly conducted and transacted business, engaged in a persistent course of conduct, and derived substantial revenue from services rendered, within the State of New York.

6: Upon information and belief, the defendant, its affiliates, agents, employees, servants and/or subcontractors, designed, manufactured, assembled, inspected, tested, labelled, described, promoted, warrantied, maintained, repaired, updated, distributed, sold and/or rented in the State of New York, and/or in interstate commerce, a certain bottle labelled as Carvedilol 25 mg tablets, which was a defective, unreasonably dangerous, hazardous and unsafe product, the proper legitimate and ordinary use of which resulted in the infliction of serious personal injury to the plaintiff.

7: Upon information and belief, at all times hereinafter mentioned, the defendant sold and/or distributed the said bottle labelled as Carvedilol 25 mg tablets.

8: Sometime prior to August 24, 2021, the plaintiff purchased, and subsequently consumed, a number of the tablets from the said bottle labelled as Carvedilol 25 mg tablets, manufactured, sold, and distributed by the defendant, for an agreed price.

9: Said bottle so furnished to the plaintiff by the defendant, as aforesaid, was contaminated with, and contained, other medication(s) that had not been prescribed to the plaintiff, and were not fit for his consumption, which caused injuries to the plaintiff.

10: The defendant, its affiliates, agents, employees, servants and/or subcontractors, designed, manufactured, assembled, packaged, inspected, tested, labelled, described, promoted, warrantied, and distributed the said bottle labelled as Carvedilol 25 mg tablets.

11: On August 24, 2021, while the plaintiff had been using the aforesaid bottle labelled as Carvedilol 25 mg tablets for the ordinary purpose for which it was intended to be used, and

having ingested the contaminated medication(s) from said bottle, he was caused to sustain serious personal injuries.

## AS AND FOR A FIRST CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF AS AGAINST DEFENDANT

12: At all times hereinafter mentioned, the defendant, its affiliates, subcontractors, employees and/or servants, were under a legal duty to design, manufacture, assemble, test, inspect, package, label, describe, update, repair and/or maintain the aforesaid bottle labelled as Carvedilol 25 mg tablets to render it suitable and safe for the ordinary purpose of its use, and the defendant owed such a duty to the plaintiff.

13: At all times herein mentioned, the defendant breached the afore-stated duties which it owed to the plaintiff of designing, manufacturing, warning, testing, inspecting, labelling, describing, packaging, updating, and/or maintaining the said bottle labelled as Carvedilol 25 mg tablets so that it be in a safe and proper condition, for those lawfully and properly consuming said product.

14: The defendant, its affiliates, agent, employees, servants and/or subcontractors, were negligent in that they designed, manufactured, assembled, inspected, tested, labelled, described, warrantied, sold, marketed, promoted and/or updated a product which they knew or should have known to be reasonably dangerous to the ultimate user, service-person or consumer of said product; they failed to follow good safety practices in the design, manufacture, inspection, assembly, testing, labelling, packaging, describing, maintaining and/or updating of said bottle labelled as Carvedilol 25 mg tablets; did fail to properly and adequately design, manufacture, assemble, label, package, describe, test, inspect, repair, maintain, service and/or update the said bottle labelled as Carvedilol 25 mg tablets; did create, cause, permit and/or suffer to permit said

bottle labelled as Carvedilol 25 mg tablets to be and remain in an unreasonably dangerous, hazardous, unsafe and/or defective condition for an unreasonable length of time after having due notice thereof; did cause, permit and/or create a dangerous, entrapping and negligent condition; allowed said condition to exist, failed to warn members of the public, and more specifically the plaintiff, of the existence of such dangers.

15: Upon information and belief, at all times hereinafter mentioned, the defendant, its affiliates, agents, servants, employees and/or subcontractors, created and/or had actual and/or constructive notice of all of the foregoing defective and negligent conditions existing in the bottle labelled as Carvedilol 25 mg tablets involved herein.

16: As a result of defendant's negligence as aforesaid, the plaintiff was severely injured both internally and externally, that plaintiff became sick, sore, lame and disabled, and has suffered great pain, shock and mental anguish, and will continue to suffer for a long time to come, and upon information and belief, has been permanently injured; that by reason of the foregoing, the plaintiff has been obligated to and did necessarily employ medical aid and medicines in an attempt to cure said injuries, all to plaintiff's damage in an amount in excess of the maximum monetary jurisdiction of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AS AGAINST DEFENDANTS

17: Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs of this complaint designated "1" through "16", inclusive, with the same force and effect as more fully set forth herein.

18: At all times herein mentioned, the defendant, its affiliates, agents, employees, servants and/or subcontractors, did design, manufacture, assemble, inspect, test, label, package,

describe, sell, warrantee, promote, market, distribute and/or update the afore-described bottle labelled as Carvedilol 25 mg tablets.

19: At all times hereinafter stated, the defendant was engaged in the business of manufacturing, packaging, selling, and distributing pharmaceutical products, in the course of which business they sold and distributed Carvedilol 25 mg tablets.

20: At all times herein mentioned, the said bottle labelled as Carvedilol 25 mg tablets was an unreasonably dangerous product, was unsafe for its intended use and service and was defectively manufactured, packaged, tested, inspected, promoted, and sold, so that use of said bottle labelled as Carvedilol 25 mg tablets caused unnecessary dangers to the users thereof.

21: At all times hereinafter stated, the afore-described bottle labelled as Carvedilol 25 mg tablets was defective when it left the control of the defendant.

22: The occurrence afore-described, and the injuries resulting therefrom, were caused wholly and solely by the negligence, carelessness and recklessness of the defendant and said negligence, carelessness and recklessness were the proximate cause of said injuries, with no fault or negligence on the part of the plaintiff contributing thereto.

23: By reason of all of the foregoing, the defendant, its affiliates, agents, officers, servants, subcontractors and/or employees, are strictly liable, jointly and individually, to the plaintiff under Restatement of Torts (Second) Section 402A as adopted by the State of New York.

24: By reason of the foregoing and as a result of the negligence, carelessness, recklessness of the defendant, the plaintiff has suffered the afore-described injuries.

25: As a result of the foregoing, the plaintiff has been damaged in an amount in excess of

the maximum monetary jurisdiction of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AS AGAINST DEFENDANT

26: Plaintiff repeats, reiterates and realleges all of the statements set forth in paragraphs "1" through "25", inclusive, with the same force and effect as if more fully set forth herein.

27: That on August 24, 2021, while the plaintiff had been lawfully, ordinarily and properly using the subject bottle labelled as Carvedilol 25 mg tablets hereinbefore referred to and described, in the manner that it was intended to be used, the plaintiff was caused to sustain serious and severe personal injuries when he suffered a stroke and was hospitalized.

28: That the said bottle labelled as Carvedilol 25 mg tablets was not fit and proper for its intended use.

29: That the aforesaid bottle labelled as Carvedilol 25 mg tablets was not merchantable at the time of sale.

30: That the defects in the aforesaid bottle labelled as Carvedilol 25 mg tablets existed at the time of sale.

31: That the plaintiff relied upon the express and/or implied warranties and representations of the defendant, manufacturers and merchants of pharmaceutical products, that the said bottle labelled as Carvedilol 25 mg tablets was manufactured, assembled, tested, inspected, packaged, labelled, described, promoted, maintained, sold, updated and/or serviced by the defendant was merchantable and/or suitable and fit for its intended use.

32: That in truth and in fact, the said bottle labelled as Carvedilol 25 mg tablets, as hereinbefore referred to and described, was not fit and proper for its intended use and was

designed, manufactured, packaged, tested, inspected, labelled, described, repaired, promoted, maintained and/or serviced by defendant in a manner which caused unnecessary dangers and injury to the users thereof.

33: That as a result of the foregoing, the representations and warranties of the defendant, its affiliates, agents, servants, employees and/or subcontractors, either jointly and/or severally were breached.

34: That the defendant, its affiliates, agents, servants, subcontractors and/or employees, knew and/or in the exercise of reasonable care could and should have known that the aforesaid bottle labelled as Carvedilol 25 mg tablets, designed, manufactured, tested, inspected, packaged, labelled, described, sold, warranted, distributed, promoted, repaired, maintained, updated and/or serviced by the defendant, was not fit and proper for its intended use and was dangerous to the users thereof.

35: That the occurrence afore described, and the injuries resulting therefrom, were caused wholly, including proximately caused by the negligence, strict liability, and breach of warranties of the defendant herein, with no fault or negligence on the part of the plaintiff contributing thereto.

36: That the aforesaid injuries to the plaintiff were proximately caused by the unmerchantable nature of the aforesaid product.

37: That by reason of the foregoing, plaintiff has been damaged in an amount in excess of the maximum monetary jurisdiction of all lower courts.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of the maximum monetary jurisdiction of all lower courts in the First, Second, and Third Causes of Action, together with interest, costs, and disbursements of this action.

Dated: Bronx, New York
   August 12, 2022

          Yours, etc.,

          LAW OFFICE OF STEPHEN B. KAUFMAN, P.C.

          By: John V. Decolator
          *Attorneys for Plaintiff*
          3397 East Tremont Avenue
          Bronx, NY 10461
          (718) 822-0500

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF BRONX    )

_Thomas LeBron Leon_, being duly sworn, says:

I am a Plaintiff in the action herein: I have read the annexed _Complaint_ _____ and know the contents thereof, and the same are true to knowledge, except those matters therein which are stated to be alleged upon information and beli and as to those matters I believe them to be true. My belief as to those matters therein not stat upon knowledge, is based upon facts, records, and other pertinent information contained in n personal files.

DATED: Bronx, New York
       August 16, 2022

_____
Client Signature

Subscribed and sworn to before me
this 16 day of August, 2022

_____
NOTARY PUBLIC

JOHN DECOLATOR
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02DE6347888
Qualified in Nassau County
Commission Expires September 12, 2024

Index No. 156979/2022
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THOMAS LEBRON LEON,

                Plaintiff,

    v.

ZYDUS PHARMACEUTICALS INC.,

                Defendants,

---

# E-FILE NOTICE, SUMMONS AND VERIFIED COMPLAINT

---

**LAW OFFICE OF STEPHEN B. KAUFMAN, P. C.**
*Attorneys for PLAINTIFF*
3397 E. Tremont Avenue
Bronx, New York 10461
(718) 822-0500