

## STEPHEN B. KAUFMAN
ATTORNEY AT LAW

STEPHEN B. KAUFMAN, J.D., L.L.M.

JOHN V. DECOLATOR, J.D.
LINDA P. O'GORMAN, J.D.

WANDA CARDONA, M.A.
Paralegal Manager

3397 E. TREMONT AVENUE
BRONX, NEW YORK 10461
TEL: (718) 822-0500    FAX: (718) 822-4715

RONALD J. SCHWARTZ, J.D., L.L.M.
OF COUNSEL
Admitted in NY & FL

# MEMORANDUM ENDORSED.

January 7, 2026

**VIA E-EMAL**
Magistrate Judge Gabriel W. Gorenstein
United States District Court, Southern District
40 Foley Square, Room 519
New York, NY 10007-1312

> Re: Thomas Leon v. Zydus Pharmaceuticals Inc. (Zydus)
> Case No.: 1:22-cv-7636
> Confidential FRE 408 Settlement Communication

Dear Magistrate Judge Gorenstein:

This office represents the plaintiff, Thomas Leon, in the above-referenced action. I understand that we were to send to Your Honor a settlement letter and acknowledgement form by January 6. I write to request a short extension of that deadline to tomorrow, January 8, at 4 p.m. I was on trial today in Bronx Supreme Court, and was required to spend all day yesterday preparing for the trial. I can now devote the necessary time and effort to the settlement letter and I ask for the opportunity to do so.

I sincerely apologize for any inconvenience to the Court and defense counsel.

I appreciate Your Honor's time and attention to this matter.

Respectfully Submitted,

John V. Decolator, Esq.

cc: Nicole Battisti, Esq.
Counsel for defendant.

PERSONAL INJURY AND MEDICAL MALPRACTICE • ELDER LAW • PROBATE AND ESTATE PLANNING • REAL ESTATE • COMMERCIAL

By the time the Court was made aware of this letter, the conference had already been cancelled (Docket # 44).  We note also that this letter fails to justify why the January 6, 2026, deadline for submissions was not complied with  --- or at the very minimum an extension sought – given that counsel was presumably well aware in advance of January 6, 2026, that he would be on trial on that date and would need to prepare for the trial.  It does not address at all plaintiff's failure to make a timely settlement demand.  Further, the request for an extension is procedurally infirm as it fails to comply with paragraph 1.E of the Court's Individual Practices – most obviously by not giving defendant's position.

That being said, the Court will leave it up to the defendant to determine if it wishes to proceed with the conference on the previously-scheduled date notwithstanding plaintiff's failure to comply with the settlement demand requirement and to timely file the settlement submissions.  If plaintiff obtains the agreement of the defendant to reinstate the conference for the same date and time (with his settlement submission being made by 4:00 p.m. on January 8, 2026), the Court will reinstate the conference and grant the extension  ---- provided a letter so stating is filed by January 8, 2026 to this effect.   If counsel has trouble operating the ECF system, he should contact the ECF help desk immediately at (212) 805-0800.

If plaintiff does not obtain the agreement of defendant, he should follow the procedure described in the last paragraph of Docket #44.

Finally, regardless of whether such a letter is filed, counsel is still required to respond to the Order to Show Cause.  The Court will extend the due date for that response to January 16, 2026.

So Ordered.
January 7, 2026

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge