UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS LEBRON LEON,

                    Plaintiff,

          - against -

ZYDUS PHARMACEUTICALS INC.,

                    Defendant.

22-cv-7636 (JGK)

Memorandum
Opinion and Order

**John G. Koeltl, District Judge:**

The plaintiff, Thomas Lebron Leon ("Leon"), brought this action against defendant, Zydus Pharmaceuticals (USA) Inc. ("Zydus"), for strict liability, negligence, and breach of express and implied warranty. Zydus now moves for summary judgment dismissing these claims pursuant to Federal Rule of Civil Procedure 56. See Def.'s Mot. for Summ. J., ECF No. 52. For the reasons that follow, Zydus's motion is **granted**.

## I.

The following facts are taken from the parties' Local Rule 56.1 statements, counterstatements, and supporting papers and are undisputed unless otherwise noted.

Zydus is a manufacturer of Carvedilol, a blood pressure medication, and Paroxetine, a selective serotonin reuptake inhibitor ("SSRI"). See Def.'s Loc. Rule 56.1 Statement ("Def.'s 56.1") ¶¶ 41, 76, ECF No. 53. Zydus produces both medications at the same plant in India and using the same machinery. Pl.'s Resp. to Def.'s Loc. Rule 56.1 Statement ("Pl.'s 56.1") ¶¶ 1–3,

ECF No. 61. On August 3, 2021, Zydus received a complaint from a Louisiana pharmacy alleging that two Paroxetine tablets were found in a bottle of Carvedilol. Id. ¶ 8. Zydus and its recall processor, Inmar, ordered a recall of all bottles of Carvedilol produced in the same "lot" as the contaminated bottle, Lot # Z006279 (the "Contaminated Lot"). Id. ¶ 12; see also Def.'s 56.1 ¶ 45. Zydus issued notices to customers to return the medication. Approximately 20% to 25% of the 2,880 bottles in the Contaminated Lot were ultimately returned by customers and end users to Zydus. Pl.'s 56.1 ¶ 16.

The plaintiff, a resident of New York, was prescribed Carvedilol for treatment of high blood pressure and, in 2019, began taking Carvedilol pills once daily in the morning. Def.'s 56.1 ¶¶ 11, 14. The plaintiff took Carvedilol without any reported issues for approximately five years. See id. ¶¶ 13, 23; Decl. in Supp. of Mot., Ex. G, at 87:13–88:22, ECF No. 66-7.

On the evening of August 16, 2021, the plaintiff suffered a stroke. Def.'s 56.1 ¶ 20. The plaintiff contends that he took his dose of Carvedilol on the morning of August 16, 2021. Id. ¶ 17. However, hospital records, dated August 16, 2021, indicate that the plaintiff told medical personnel that he did not take his dose of Carvedilol that morning. Id. ¶¶ 27–28. The plaintiff alleges that he received a contaminated pill bottle from Zydus and that he suffered a stroke after consuming medication contaminated with Paroxetine. See Pl.'s Am. Compl. ("Am. Compl.") ¶¶ 11, 16, ECF No. 19. However, Zydus did not distribute any bottles from Lot # Z006279, the Contaminated Lot, to New York, where the plaintiff alleges he was injured. Def.'s 56.1 ¶ 48.

2

On August 17, 2022, the plaintiff brought this action against Zydus in the Supreme Court of the State of New York, New York County. See generally Notice of Removal, Ex. A, ECF No. 1-1. Zydus subsequently removed the action to this Court on diversity grounds. See Notice of Removal 1, ECF No. 1. The plaintiff amended his complaint on March 22, 2023. See generally Am. Compl. The parties engaged in discovery, and Zydus now moves for summary judgment dismissing the Amended Complaint in its entirety. See Def.'s Mot. for Summ. J. 1.

## II.

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). [1] "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

issue of material fact." Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the non-moving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994).

## III.

Under New York Law, a manufacturer can be liable for injuries caused by the manufacturer's product under theories of negligence, strict liability, and breach of express or implied warranty. See Merced v. Auto Pak Co., Inc., 533 F.2d 71, 75–76 (2d Cir. 1976); Heller v. U.S. Suzuki Motor Corp., 477 N.E.2d 434, 437 (N.Y. 1985); Voss v. Black & Decker Mfg. Co., 450 N.E.2d 204, 207 (N.Y. 1983); Victorson v. Bock Laundry Mach. Co., 335 N.E.2d 275, 276–77 (N.Y. 1975). The plaintiff alleges each of these theories in his Amended Complaint. Am. Compl. ¶¶ 13–15, 22, 33–35.

4

A claim of negligence requires the plaintiff prove that the "manufacturer was responsible for a defect that caused injury, and that the manufacturer could have foreseen the injury." Robinson v. Reed-Prentice Div. of Package Mach. Co., 403 N.E.2d 440, 444 (N.Y. 1980). A claim under strict products liability law requires showing that:

> (1) the product is "defective" because it is not reasonably safe as marketed; (2) the product was used for a normal purpose; (3) the defect was a substantial factor in causing the plaintiff's injuries; (4) the plaintiff by the exercise of reasonable care would not have both discovered the defect and apprehended its danger; and (5) the plaintiff would not have otherwise avoided the injury by the exercise of ordinary care.

Urena v. Biro Mfg. Co., 114 F.3d 359, 363 (2d Cir. 1997). Negligence and strict liability claims are "functionally equivalent" under New York law because both consider the manufacturer's judgment, existence of a defect, and proximate causation. See Tears v. Bos. Sci. Corp., 344 F. Supp. 3d 500, 509 (S.D.N.Y. 2018); see also Colon ex rel. Molina v. BIC USA, Inc., 199 F. Supp. 2d 53, 83 (S.D.N.Y. 2001).

A breach of an express warranty claim requires a plaintiff to show "an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon to the plaintiff[']s detriment." Krulewich v. Covidien, LP, 498 F. Supp. 3d 566, 578 (S.D.N.Y. 2020) (quoting Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 689 F. Supp. 2d 585, 604 (S.D.N.Y. 2010)). A breach of an implied warranty claim requires that the plaintiff prove the product is not "fit

for the ordinary purposes for which such goods are used." Denny v. Ford Motor Co., 662 N.E.2d 730, 736 (N.Y. 1995).

## A.

As a general rule, New York products liability law requires "identification of the exact defendant whose product injured the plaintiff." In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 739 F. Supp. 2d 576, 597 (S.D.N.Y. 2010) (quoting Hymowitz v. Eli Lilly & Co., 539 N.E.2d 1069, 1073 (N.Y. 1989)); see also Nelson v. Ashland Oil, Inc., 375 F. App'x 74, 75–76 (2d Cir. 2010) (holding that the defendants were entitled to summary judgment because the plaintiff had presented no evidence demonstrating that the defendants produced the injury-causing product). Speculative evidence of the manufacturer's identity, such as a prior history of sales, is insufficient. See Winstead v. Phillocraft Inc., No. 03-cv-3813, 2005 WL 2001902, at *7 (S.D.N.Y. Aug. 19, 2005).

On a motion for summary judgment, the moving party bears the initial burden of showing the absence of a material issue of fact. Celotex, 477 U.S. at 323. Once the moving party has made an initial showing that there is no material issue of fact, the burden shifts to the non-moving party to show the existence of a material issue of fact. Celotex, 477 U.S. at 323–24; Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000), superseded by statute on other grounds, Ochei v. Coler/Goldwater Mem'l Hosp., 450 F. Supp. 2d 275,

6

282 (S.D.N.Y. 2006); Yin Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).[2]

The defendant has made an initial showing that there is no material issue of fact as to whether the defendant produced the allegedly defective product. The defendant points out that the plaintiff has failed to offer any evidence that he actually ingested a defective product manufactured by Zydus. See Def.'s Mot. for Summ. J. 13–14. The plaintiff did not keep the allegedly contaminated bottle of Carvedilol, nor any of the remaining pills. See Def.'s 56.1 ¶¶ 35–36. The plaintiff's claim instead rests on the speculation that his injury was caused by medication from the single recalled lot, rather than the more than 300 other lots lawfully in circulation at the time. See Def.'s Mot. for Summ. J. 22. But the Contaminated Lot in question was not actually

---

[2] The plaintiff, in responding to Zydus's motion for summary judgment, argues that the burden of proof rests with the defendant, as the moving party, to show that the prescription bottle did not contain a defect. See Pl.'s Mem. of Law in Opp'n to Mot. for Summ. J. 3, ECF No. 59. Thus, the plaintiff contends that Zydus cannot prevail on its motion because it has not proven that the plaintiff did not receive a contaminated bottle of Carvedilol pills. See id. The plaintiff is mistaken. Celotex teaches that the moving party does not need to "produce evidence showing the absence of a genuine issue of material fact." Celotex, 477 U.S. at 325. Rather, the moving party only needs to show that the non-moving party with the burden of proof on the issue has not produced evidence to support its case. See id. Indeed, the 2010 amendments to Federal Rule of Civil Procedure incorporate Celotex's teaching, providing that the moving party may prevail on a summary judgment motion by "showing that the materials cited [in the record] do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact," Fed. R. Civ. P. 56(c)(1)(B); see also Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. As explained in the text, Zydus has done exactly that, and the plaintiff has failed to rebut Zydus's arguments.

shipped to New York, and there is no evidence that any pill consumed by the plaintiff actually came from the Contaminated Lot or was otherwise tainted. See Def.'s 56.1 ¶¶ 48, 53. No reasonable jury could find that Zydus was the source of the allegedly defective Carvedilol pill because the plaintiff cannot demonstrate Zydus's connection to the specific defective medication. See Winstead, 2005 WL 2001902, at *7. The plaintiff offers no meaningful response to the defendant's arguments. Because the plaintiff has failed to raise a triable issue of fact with respect to the identity of the defendant as the manufacturer of the allegedly defective product, the defendant is entitled to summary judgment dismissing the plaintiff's claims. See Healey v. Firestone Tire & Rubber Co., 663 N.E.2d 901, 904–05 (N.Y. 1996).

### B.

Zydus is also entitled to summary judgment because the plaintiff has failed to raise a triable issue of fact as to whether Zydus caused the plaintiff to suffer a stroke. Under New York law, direct causation, or causation in fact, is a requisite element in a products liability action regardless of whether a claim is for negligence, breach of warranty, or strict liability. See Tardella v. RJR Nabisco, Inc., 576 N.Y.S.2d 965, 966 (N.Y. App. Div. 1991); Donovan v. Centerpulse Spine Tech Inc., 416 F. App'x 104, 106 (2d Cir. 2011) ("[W]hether the action is pleaded in strict products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury."). Pharmaceutical products liability

8

cases involving complex medical issues are beyond the knowledge or expertise of a lay jury, and thus, expert testimony is necessary to establish causation. See Thomas v. C.R. Bard, Inc., No. 20-cv-2738, 2022 WL 16748753, at *4–5 (S.D.N.Y. Nov. 7, 2022); Wills v. Amerada Hess Corp., 379 F.3d 32, 46 (2d Cir. 2004).

Moreover, a plaintiff in a product liability action must demonstrate both general and specific causation. In re Rezulin Prods. Liab. Litig., 441 F. Supp. 2d 567, 575 (S.D.N.Y. 2006). General causation "bears on whether the type of injury at issue can be caused or exacerbated by the defendant's product," while specific causation addresses "whether, in the particular instance, the injury actually was caused or exacerbated by the defendant's product." Id.; Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 251 n.1 (2d Cir. 2005).

In this case, the plaintiff has proffered no expert testimony on either general or specific causation. See Def.'s 56.1 ¶ 66. The plaintiff thus cannot show that Paroxetine causes strokes, or that it actually caused the plaintiff's stroke on August 16, 2021. In contrast, Zydus's two medical experts opine that the opposite is true, arguing that there was a "very low probability of causality between Paroxetine and the plaintiff's stroke" based on the medical literature. Id. ¶ 84. Zydus's experts instead opine that the plaintiff suffered a stroke because his morning dose of Carvedilol wore off by the evening and because the plaintiff's daily consumption of aspirin elevated his risk of high blood pressure. See id. ¶¶ 71–72; cf. Dunham v. Covidien LP, No. 19-cv-2851, 2019 WL 2461806, at *3 (S.D.N.Y. May 22, 2019) (plaintiff did not "address

the numerous plausible alternative explanations for [the plaintiff's] medical problems."). In short, because no reasonable jury could conclude that Zydus caused the plaintiff's injuries, Zydus is entitled to summary judgment dismissing all of the plaintiff's claims.

## C.

The defendant is further entitled to summary judgment because, in the absence of any evidence that the ingested medication was contaminated, the plaintiff cannot prove any of the elements of the claims he brings against the defendant.

All three theories of liability on which the plaintiff relies require the plaintiff prove: (1) the existence of a defect, (2) that the defect was a substantial factor in causing the injury, and (3) that the defect existed at the time the product left the manufacturer. See Macaluso v. Herman Miller, Inc., No. 01-cv-11496, 2005 WL 563169, at *4–5 (S.D.N.Y. Mar. 10, 2005); Tardella, 576 N.Y.S.2d at 966. Without evidence that he ingested contaminated medication, the plaintiff cannot show a defect, which is fatal to all of his claims. See Coleson v. Janssen Pharm., Inc., 251 F. Supp. 3d 716, 722 (S.D.N.Y. 2017) ("Plaintiff's design defect and negligence claims also fail because he cannot show by a preponderance of the evidence that he ever ingested name-brand [drug]."). Neither proof of injury, see Clarke v. Helene Curtis, Inc., 742 N.Y.S.2d 325, 326 (N.Y. App. Div. 2002), nor a manufacturer's voluntary recall, see Goldin v. Smith & Nephew, Inc., No. 12-cv-9217, 2013 WL 1759575,

10

at *4 (S.D.N.Y. Apr. 24, 2013), are sufficient on their own to infer that a product was defective for its intended use.

In the absence of evidence of a specific defect, New York law recognizes circumstantial evidence if the plaintiff can "prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants." Riegel v. Medtronic, Inc., 451 F.3d 104, 125 (2d Cir. 2006) (quoting Speller ex rel. Miller v. Sears, Roebuck & Co., 790 N.E.2d 252, 254–55 (N.Y. 2003)), aff'd 552 U.S. 312 (2008). The plaintiff here does not meet these requirements.

First, there is no evidence that the product "did not perform as intended" aside from the undisputed fact that the plaintiff suffered a stroke. See id.; see generally Am. Compl. However, "relying solely on the occurrence of the [injury] . . . is insufficient evidence that the product did not perform as intended to survive summary judgment." Pineda v. Lift, No. 23-cv-2405, 2023 WL 7626907, at *4 (S.D.N.Y. Nov. 14, 2023). Second, the plaintiff's injury can be explained by underlying medical disorders unrelated to the defendant's actions. The plaintiff was at a heightened risk of stroke by not taking Carvedilol as prescribed, by taking aspirin daily, and by not receiving treatment with statin for his hyperlipidemia. See Def.'s 56.1 ¶¶ 70–73. The plaintiff offers no expert testimony to refute these potential causes and identify the alleged Paroxetine contamination as a substantial factor in causing his injury.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the reasons explained above, the defendant's motion for summary judgment is **granted**.

The Clerk is respectfully requested to enter judgment dismissing the Amended Complaint. The Clerk is also requested to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:**      **New York, New York**
           **June 17, 2026**

                                          **John G. Koeltl**
                                **United States District Judge**

12